Filed 7/14/25  Van Muers-Bradley v. AutoNation CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| SHARECE VAN MEURS-BRADLEY, | C100938 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV0051471) |
| v. | |
| AUTONATION, INC. et al., | |
| Defendants and Appellants. | |

An exception to the Federal Arbitration Act known as the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA) (9 U.S.C. §§ 401-402) "renders arbitration agreements invalid and unenforceable, at the election of the complainant, in sexual assault and sexual harassment cases."  (*Olivieri v. Stifel, Nicolaus & Co., Inc.* (2nd Cir. 2024) 112 F.4th 74, 77.)

Defendants and appellants (collectively AutoNation[1]) contend the trial court erred by invoking the EFAA to deny their motion to compel plaintiff Sharece Van Meurs-

---

[1]     Defendants and appellants are AutoNation, Inc.; AutoNation.com, Inc.; Auto Car, Inc.; AN F. Imports of Roseville, Inc.; Roseville Motor Corporation; Vanderbeek Motors, Inc.; Giovanni Barboza; Todd Broyles; and Kyle Smith.

1

Bradley, a former employee, to arbitrate her employment discrimination and sexual harassment complaint against them. They argue plaintiff's arbitration agreement is enforceable as to three causes of action that are purportedly not related to sexual harassment.

The only published opinions by California courts that have considered the scope of the EFAA have uniformly concluded that the statute's plain language exempts a plaintiff's entire case from arbitration where the complaint alleges at least one sexual harassment or sexual assault claim. (*Casey v. Superior Court* (2025) 108 Cal.App.5th 575, 588 (*Casey*), review denied May 14, 2025; *Liu v. Miniso Depot CA, Inc.* (2024) 105 Cal.App.5th 791, 796 (*Liu*), review denied Dec. 31, 2024; *Doe v. Second Street Corp.* (2024) 105 Cal.App.5th 552, 577 (*Second Street*).)

We agree with our colleagues' interpretation of the EFAA and affirm the trial court's order.

FACTS AND HISTORY OF THE PROCEEDINGS

AutoNation employed plaintiff from February 28 to October 5, 2023. In connection with her employment, plaintiff signed an arbitration agreement. By signing the agreement, plaintiff agreed to resolve any claim or dispute arising from her employment with AutoNation by binding arbitration on an individual basis only. Any arbitration would be governed by the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.).

The arbitration agreement excluded certain claims from mandatory arbitration. The excluded claims were claims arising under the National Labor Relations Act, workers' compensation claims, state unemployment compensation claims, and claims arising out of any other written contract between AutoNation and plaintiff where the contract specifically provided for resolution through the courts. The arbitration

2

agreement also did not foreclose pursuit of administrative remedies through their exhaustion.

Plaintiff filed this action on October 18, 2023. The complaint contains 13 causes of action: (1) harassment based on sex, race, age, and/or disability in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.); (2) discrimination based on sex, race, age, and/or disability in violation of FEHA; (3) retaliation for complaining of harassment and discrimination in violation of FEHA; (4) whistle-blower retaliation in violation of Labor Code sections 98.6, 233, and 1102.5; (5) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (6) assault; (7) failure to engage in the interactive accommodation process in violation of FEHA; (8) failure to accommodate disability in violation of FEHA; (9) fraud and/or negligent misrepresentation; (10) negligent hiring, supervision, and/or retention; (11) wrongful (constructive) termination; (12) intentional infliction of emotional distress; and (13) failure to allow inspection of employment records in violation of Labor Code sections 226, 432, 1198.5, and 2810.5.

AutoNation moved to compel arbitration pursuant to Code of Civil Procedure sections 1281.2 and 1281.4, and the FAA. The trial court denied the motion. The court ruled that the first, second, third, fourth, fifth, eleventh, and twelfth causes of action fell squarely within the EFAA's scope because they were disputes relating to plaintiff's allegations of sexual harassment or were substantially related to the underlying claim of sexual harassment. The court determined that the remaining causes of action were inherently intertwined with the other causes of action because they arose out of the same facts and circumstances as, and were substantially related to, the sexual harassment claims. The court stated, "The plain language of the EFAA supports the conclusion that the arbitration agreement is not valid or enforceable with respect to the entirety of the case, as the case relates to a sexual harassment dispute. Thus the court concludes the parties' arbitration agreement is invalid and unenforceable. (9 U.S.C. § 402.)"

DISCUSSION

I

*Standard of Review*

We review an order regarding an arbitration agreement's validity de novo if the evidence is not in conflict and the ruling is based entirely on an interpretation of law. (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 493.) We review the trial court's factual findings for substantial evidence if the order rests on the court's resolution of evidentiary disputes. (*Ibid.*)

II

*Enforceability of Arbitration Agreement*

AutoNation contends the trial court erred by declaring the arbitration agreement invalid as against all of plaintiff's causes of action. It argues the EFAA invalidates the arbitration agreement only as against plaintiff's claims that relate to sexual assault and sexual harassment. It asserts plaintiff's seventh, eighth, and ninth causes of action for failure to engage in the interactive accommodation process, failure to accommodate disability, and fraud and/or negligent representation, respectfully, have no relation to her sexual harassment claim, and the EFAA should not be read to invalidate the arbitration agreement as against those causes of action.

Responding to AutoNation's contention requires us to interpret the EFAA. When we interpret a statute, we do so de novo, and our role is to ascertain and effectuate the intended legislative purpose. (*United Riggers & Erectors, Inc. v. Coast Iron & Steel Co.* (2018) 4 Cal.5th 1082, 1089.) We begin with the text, giving it a plain and common sense meaning, construing words in their broader statutory context and, where possible, harmonizing provisions concerning the same subject. (*Ibid.*; *City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616.) If this contextual reading of the statute's language

4

reveals no ambiguity, we need not refer to extrinsic sources and must generally follow the language's plain meaning unless a literal interpretation would result in unintended absurd consequences. (*United Riggers*, at p. 1089; *City of San Jose*, at p. 616.) If the statutory language permits more than one reasonable interpretation, we may consider other aids, such as the statute's purpose, legislative history, and public policy. (*Id.* at pp. 616-617.)

Under the EFAA, a "person alleging conduct constituting a sexual harassment dispute or sexual assault dispute" may elect that "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." (9 U.S.C. § 402(a).) The EFAA's bar applies to a "case" which "relates to" a sexual assault or sexual harassment dispute. (9 U.S.C. § 402(a).)

The California courts that have interpreted the EFAA have found it to be facially unambiguous and to render invalid at the plaintiff's request a predispute arbitration agreement against all causes of action in a case that includes a claim for sexual harassment or sexual assault, including causes of action not related to the sexual harassment or assault claim. *Second Street*, *supra*, 105 Cal.App.5th at page 552, the first reported California case to interpret the statute, arose from a motion to compel arbitration in a hotel employee's action alleging sexual harassment as well as discrimination and hostile work environment claims and wage and hour claims. (*Id.* at pp. 560-563.) Affirming the trial court's denial of the motion to compel, the Court of Appeal ruled that by EFAA's "plain language, . . . the statute applies to the entire *case*, not merely to the sexual assault or sexual harassment claims alleged as a part of the case." (*Id.* at p. 577.)

The *Second Street* court adopted a leading federal district court's analysis to arrive at its conclusion. The federal case, *Johnson v. Everyrealm, Inc.* (S.D.N.Y. 2023) 657 F.Supp.3d 535 (*Johnson*), recognized that under the FAA generally, " 'if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation.' (*KPMG LLP v. Cocchi* [(2011)]

5

565 U.S. 18, 19.)" (*Johnson,* at p. 558.) But the policy favoring arbitration agreements could be overridden by a contrary congressional command. The question was whether the EFAA did just that, "such that the presence of a well-pled sexual harassment claim makes an arbitration clause unenforceable as to the other claims in the case." (*Ibid.*; *Second Street*, *supra*, 105 Cal.App.5th at pp. 574-575.)

The *Johnson* court reviewed the EFAA's text that made an arbitration agreement invalid "with respect to a case" which "relates to" a "sexual harassment dispute." (9 U.S.C. § 402(a); *Johnson*, *supra*, 657 F.Supp.3d at p. 558.) The court stated the text "is clear, unambiguous, and decisive as to the issue here. It keys the scope of the invalidation of the arbitration clause to the entire 'case' relating to the sexual harassment dispute." (*Ibid*.)

"Case" referred to a suit or action in law or equity, thus capturing the legal proceeding "as an undivided whole" without differentiating among causes of action within it. (*Johnson*, *supra*, 657 F.Supp.3d at pp. 558-559.) By contrast, a "claim" was " 'a right to something,' " and a cause of action was " 'the grounds (such as a violation of a right) that entitle a plaintiff to bring a suit.' " (*Id*. at p. 559.) Understanding these definitions, the district court reasoned, "With the ordinary meaning of 'case' in mind, the text of § 402(a) makes clear that its invalidation of an arbitration agreement extends to the entirety of the case relating to the sexual harassment dispute, not merely the discrete claims in that case that themselves either allege such harassment or relate to a sexual harassment dispute (for example, a claim of unlawful retaliation for a report of sexual harassment)." (*Ibid*.; *Second Street*, *supra*, 105 Cal.App.5th at p. 574.)

The *Johnson* court found additional support for its interpretation of the EFAA by considering the statute's terms in their context. The EFAA provision that set the statute's effective date used the narrower term "claim." The statute would apply " 'with respect to any dispute *or claim* that arises or accrues on or after Mar. 3, 2022.' " (*Johnson*, *supra*, 657 F.Supp.3d at p. 559, quoting Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022).) From

this, the district court presumed that Congress had been sensitive to the distinct meanings of "case" and "claim." (*Johnson*, at p. 560.) The court stated, "The reading of the EFAA that lends coherence to the use of these separate terms assigns distinct meanings to 'case' and 'claim,' with the former referring to the entirety of the lawsuit in which claim(s) implicating a sexual harassment dispute are brought." (*Ibid.*)

The *Johnson* court also recognized that the EFAA amended the FAA directly rather than, for example, amending a separate statute, such as Title VII, to bar the arbitration of certain claims arising under it. (*Johnson*, *supra*, 657 F.Supp.3d at p. 560.) That reinforced Congress's intent "to override—in the sexual harassment context—the FAA's background principle that, in cases involving both arbitrable and non-arbitrable claims, 'the former must be sent to arbitration even if this will lead to piecemeal litigation.' " (*Ibid.*)

Noting that *Johnson* had been "widely followed" by other federal courts, the Court of Appeal in *Second Street* adopted *Johnson*'s "well-reasoned analysis": "As *Johnson* notes, the EFAA facially applies to '*a case* which . . . relates to the sexual assault dispute or the sexual harassment dispute.' (9 U.S.C. § 402(a), italics added.) By its plain language, then, the statute applies to the entire *case*, not merely to the sexual assault or sexual harassment claims alleged as a part of the case. It is significant, moreover, that the statute does not require that the pendant claims *arise out of* the sexual assault or sexual harassment dispute; it is enough that the case *relates to* the sexual assault or sexual harassment claims." (*Second Street*, *supra*, 105 Cal.App.5th at pp. 575-577.)

Turning to the facts before it, the *Second Street* court concluded that although not all of the plaintiff's causes of action arose out of her sexual harassment allegations, "the 'case' unquestionably 'relates to' the sexual harassment dispute because all of the causes of action are asserted by the same plaintiff, against the same defendants, and arise out of plaintiff's employment by the hotel. Accordingly, the arbitration agreement is

unenforceable as to each cause of action alleged in plaintiff's [complaint]." (*Second Street*, *supra*, 105 Cal.App.5th at p. 577.)

The Court of Appeal in *Liu*, *supra*, 105 Cal.App.5th at page 791, followed *Second Street*'s analysis and reliance on *Johnson* to conclude that "the plain language of the EFAA exempts a plaintiff's entire case from arbitration where the plaintiff asserts at least one sexual harassment claim subject to the act." (*Id*. at p. 796, see pp. 804-805.) The *Liu* plaintiff alleged causes of action for sexual harassment, sex discrimination, violation of various wage and hour requirements, and retaliation for refusing to participate in unlawful activities. (*Id*. at pp. 797-798.) The defendant employer contended its arbitration agreement was enforceable against all of the plaintiff's claims except for the sexual harassment claims. (*Id*. at p. 799.)

Affirming the trial court's denial of the defendant's motion to compel arbitration, the *Liu* court determined that the defendant's interpretation of the EFAA was flawed because one could not interpret the statute and its use of the term "case" as invalidating an arbitration agreement only with respect to certain claims within a case. (*Liu*, *supra*, 105 Cal.App.5th at p. 803.) "If Congress had intended the result [the defendant] seeks, it would have used the term 'claim' instead of 'case' (saying something like no arbitration agreement 'shall be valid or enforceable with respect to a case-<u>claim</u> which is filed under Federal, Tribal, or State law and relates to the . . . sexual harassment dispute'), or alternatively stated that the arbitration provision would be unenforceable 'only to that portion of the case related to the sexual harassment dispute.' Congress did not use such language, and we 'lack the power to rewrite a statute to make it conform to a " ' " 'presumed intention' " ' " which is not expressed in the statute itself.' " (*Ibid*.)

The most recent California case, *Casey*, *supra*, 108 Cal.App.5th at page 575, followed *Liu* and *Second Street* to conclude that the EFAA permitted the plaintiff to opt out of an arbitration agreement as to her wage and hour claims as well as her claims for sexual harassment. (*Id*. at p. 588.) The Court of Appeal stated, "Consistent with other

state appellate courts that have considered the issue, we hold that where a plaintiff's lawsuit contains at least one claim that fits within the scope of the EFAA, 'the arbitration agreement is unenforceable as to all claims asserted in the lawsuit.' (*Liu*, [*supra*,] 105 Cal.App.5th [at p.] 800.) The EFAA provides that it applies to 'a case' (9 U.S.C. § 402(a))—as opposed to a claim—that a plaintiff brings alleging sexual harassment, meaning that the EFAA applies to an entire case." (*Casey*, *supra*, 108 Cal.App.5th at p. 588.)

AutoNation acknowledges *Second Street* and *Liu* in its reply brief, as those cases had not been published by the time plaintiff filed her respondent's brief. (*Casey* was published after AutoNation filed its reply brief.) But AutoNation contends that *Johnson* was wrongly decided and that we should not follow it or its progeny. AutoNation asserts that a contrary opinion issued by a magistrate judge of the district court in *Mera v. SA Hospitality Group, LLC* (S.D.N.Y. 2023) 675 F.Supp.3d 442 (*Mera*) is more persuasive.

In *Mera*, the plaintiff alleged causes of action for sexual harassment as well as unrelated wage and hour claims, the latter of which were pleaded on behalf of a broad group of individuals. (*Mera*, *supra*, 675 F.Supp.3d at p. 447.) The district court ruled that under the EFAA, an employer's arbitration agreement "is unenforceable *only to the extent that* the case filed by such individual 'relates to' the sexual harassment dispute, *see* 9 U.S.C. § 402(a); in other words, only with respect to the claims in the case that relate to the sexual harassment dispute. To hold otherwise would permit a plaintiff to elude a binding arbitration agreement with respect to wholly unrelated claims affecting a broad group of individuals having nothing to do with the particular sexual harassment affecting the plaintiff alone." (*Ibid*., first italics added.)

The *Mera* court distinguished *Johnson*. The *Johnson* court had stated in a footnote that it had not had occasion "to consider the circumstances under which claim(s) far afield might be found to have been improperly joined with a claim within the EFAA so as to enable them to elude a binding arbitration agreement." (*Johnson*, *supra*,

9

657 F.Supp.3d at p. 562, fn. 23.) Unlike in *Johnson*, the *Mera* plaintiff had alleged wage and hour claims on behalf of all of the defendants' nonexempt employees. The only claims that were distinct to him were his harassment claims. (*Mera*, *supra*, 675 F.Supp.3d at p. 448.) Because the plaintiff's wage and hour claims did not "relate in any way to the sexual harassment dispute," the district court ruled they had to be arbitrated. (*Ibid.*)

AutoNation contends we should construe the EFAA narrowly and consistently with *Mera* by limiting its application solely to causes of action that are related to allegations of sexual harassment or sexual assault. Under this interpretation, courts would have to examine a complaint's causes of action one by one to determine if the underlying facts are related to allegations of sexual harassment or sexual assault before determining whether the entire lawsuit is exempt from arbitration. Otherwise, AutoNation argues, plaintiffs may escape binding arbitration simply by alleging claims wholly unrelated to their allegations of sexual harassment.

AutoNation cites examples of cases where courts have reviewed a complaint's causes of action one by one to determine whether they related to a pleaded claim of sexual harassment or sexual assault. (See *Olivieri v. Stifel, Nicolaus & Company, Inc.*, *supra*, 112 F.4th at pp. 91-92 [retaliation resulting from reporting sexual harassment was related to conduct alleged to constitute sexual harassment dispute]; *Ding Ding v. Structure Therapeutics, Inc.* (N.D. Cal. 2024) 755 F.Supp.3d 1200, 1218-1219 [nonsexual harassment claims were based on the same underlying facts as, and thus were related to, the sexual harassment claim]; *Turner v. Tesla, Inc.* (N.D. Cal. 2023) 686 F.Supp.3d 917, 926-928 [workplace injury and wage claims were substantially related to and intertwined with sexual harassment claims because the claims will involve the same witnesses, and the failure to pay wages allegedly arose in part from retaliation against the plaintiff for reporting sexual harassment].)

Like our colleagues, we conclude the language of the EFAA does not support AutoNation's and *Mera*'s interpretation. "In interpreting [9 U.S.C.] section 402(a) to invalidate an arbitration agreement 'only to the extent that the case . . . "relates to" the sexual harassment dispute' (*Mera . . . supra*, 675 F.Supp.3d at p. 447), the *Mera* court in effect added 'to the extent' to the statutory language, which contravenes the rules of statutory construction." (*Liu*, *supra*, 105 Cal.App.5th at pp. 806-807.) The statutory language bans arbitration in a "case" that "relates to" the plaintiff's sexual harassment claim, not on a cause of action or claim that relates to a sexual harassment claim.

Other courts have found additional faults with the *Mera* court's analysis. Its interpretation "would require courts to carve up every case to which the EFAA applies by reaching judgment—with respect to each claim—on whether the claim relates to the sexual harassment or sexual assault dispute. But that approach not only is antithetical to the language of the EFAA and its protective intent, [citation], but it would also have the court address early in a case and in a definitive manner 'a question that often is not easily answered on the pleadings,' (*Alvarado v. Sweetgreen, Inc.*, 712 F. Supp.3d 393, 406 (S.D.N.Y. 2024).) It is not self-evident for example, that evidence that the plaintiff was the victim of persistent sexual assault or harassment would be irrelevant to the claim that such person had also been deprived of her rights to a minimum wage and overtime pay." (*Diaz-Roa v. Hermes Law, P.C.* (S.D.N.Y. 2024) 757 F.Supp.3d 498, 532, fn. 9.)

Additionally, "the concern that application of the EFAA will sweep in claims that are entirely unrelated to the sexual harassment or assault appears to be overstated. Virtually by definition, all of the claims to which the EFAA applies will arise from the relationship that the plaintiff has with his or her harasser or assaulter." (*Diaz-Roa v. Hermes Law, P.C.*, *supra*, 757 F.Supp.3d at p. 533.) Plaintiffs in sexual harassment cases against their employers, for example, frequently pair wage claims with harassment and discrimination claims in one lawsuit. (*Baldwin v. TMPL Lexington LLC* (S.D.N.Y., Aug. 19, 2024, No. 23 Civ. 9899 (PAE)) 2024 Lexis 148291.)

And although *Johnson* left open the possibility that the EFAA may not exempt from arbitration claims unrelated to the sexual harassment claims, plaintiff's claims here all arise from and relate to her own experience and employment at AutoNation. "They are thus a far cry from the types of far-afield claims unrelated to sexual harassment (*e.g.*, of antitrust or securities law violations) that *Johnson* had in mind in leaving open the possibility that the EFAA would not apply to improperly joined claims." (*Baldwin v. TMPL Lexington LLC*, *supra*, 2024 Lexis 148291.) Plaintiff's claims also are not at all similar to the wage and hour claims the *Mera* plaintiff had alleged on behalf of all the defendants' nonexempt employees. (*Mera*, *supra*, 675 F.Supp.3d at p. 448.) Plaintiff's claims are specific to her.

AutoNation asks us to review portions of the EFAA's legislative history it claims supports its reading of the statute and to address the statute's purpose. Because the statute's language is clear on its face and unambiguous, we need not turn to legislative history or the statute's purpose to aid our construction. (*Liu*, *supra*, 105 Cal.App.5th at p. 806.)

Turning to the case before us, we hold it "relates to" a sexual harassment dispute. All of the causes of action are asserted by the same plaintiff against the same defendant, and all of them arise from plaintiff's employment by AutoNation, including her claims of sexual harassment. Accordingly, the arbitration agreement is unenforceable as to each cause of action alleged in plaintiff's complaint. (See *Second Street*, *supra*, 105 Cal.App.5th at p. 577.)

Because we have determined the arbitration agreement is not enforceable against any cause of action in plaintiff's complaint, we need not address plaintiff's additional arguments that challenge the validity of the arbitration agreement or contend the agreement is unconscionable.

DISPOSITION

The order denying the motion to compel arbitration is affirmed.  Costs on appeal are awarded to plaintiff.  (Cal. Rules of Court, rule 8.278(a).)


_____

HULL, Acting P. J.


We concur:


_____

ROBIE, J.


_____

KRAUSE, J.

13